IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Chief Judge Edward W. Nottingham**

Civil Action No. 06–cv–01233–EWN

In re:

MS55, INC., f/k/a MSHOW.COM, INC.,

    Debtor.

JEFFREY HILL, TRUSTEE,

    Plaintiff,

v.

GIBSON DUNN & CRUTCHER, LLP,
a California registered limited liability
partnership,

    Defendant.

_____

**ORDER AND MEMORANDUM OF DECISION**
_____

    This matter comes before the court on a motion for rehearing filed by Defendant-Appellee Gibson, Dunn & Crutcher, LLP ("GDC") (Doc. No. 27). GDC argues that the court, in its previous Order and Memorandum of Decision (Doc. No. 25), should have relied on the new decision of the Delaware Supreme Court, *North American Catholic Educational Programming Foundation, Inc. v. Gheewalla*, 930 A.2d 92 (Del. 2007) (conferring standing upon creditors to bring a derivative, but not a direct, action where the corporation is insolvent). (Appellee Gibson, Dunn & Crutcher LLP's Mot. for Rehearing [filed Sep. 14, 2007] [hereinafter "GDC's Br."].)

On September 20, 2007, Trustee responded. (Appellant's Resp. in Opposition to Mot. for Rehearing [filed Sep. 20, 2007] [hereinafter "Trustee's Resp."].) On October, 1, 2007, GDC replied. (Appellee Gibson Dunn & Crutcher LLP's Reply Br. in Supp. of Mot. for Rehearing [filed Oct. 1, 2007] [hereinafter "GDC's Reply"].)

## ANALYSIS

*1.    Standard of Review*

"When a district court sits as an appellate court in a bankruptcy case, 'Bankruptcy Rule 8015 provides the sole mechanism for filing a motion for rehearing . . .'" *BCORP-HRT, LLC v. Lobb,* 66 F. App'x. 164, 166 (10th Cir. 2003) (citing *Aycock v. Eaton* [*In re Eichelberger*], 943 F.2d 536, 538 [5th Cir.1991]).

"Bankruptcy Rule 8015 is silent as to the appropriate standard for granting relief. However, because Rule 8015 was derived from Fed. R.App. P. 40, it is appropriate to look to the appellate rule for guidance." *Lobb*, 66 F. App'x. at 167 (internal citations omitted); *also see* 9 Collier on Bankruptcy ¶ 8-15.04 at 8015-4 (15th ed.1993); Fed. R. Bankr.P. 8015 (Advisory Committee Notes). "Petitions for rehearing under Fed. R.App. P. 40(a) are permitted to enable parties to notify, and to correct, errors of fact or law on the issues already presented; they are not meant to permit parties to assert new grounds for relief." *Id*. (citing *Sierra Club v. Hodel*, 848 F.2d 1068, 1100-01 [10th Cir.1988] [per curiam]).

"Motions to reconsider should be granted where: (1) 'the Court has patently misunderstood a party,' (2) the court 'has made a decision outside the adversarial issues presented ... by the parties,' (3) the court has 'made an error not of reasoning but of

apprehension,' or (4) there is a 'controlling or significant change in the law or facts since the submission of the issue to the Court.'" *In re Winders*, 202 B.R. 512, 517 (D. Kan. 1996) (citing *Above the Belt, Inc. v. Mel Bohannan Roofing, Inc.*, 99 F.R.D. 99, 101 [E. D. Va. 1983]).

Although it might appear that, as GDC argues,[1] its motion for rehearing falls under the fourth category, not only was *Gheewalla* not new[2] but it has no bearing on the umbrella issue on appeal (under which the court discussed the duties of the corporation's directors and officers to the creditors), *i.e.*, whether state law grants creditors the right and power to bring a claim for breach of fiduciary duties against the corporation's officers, directors and attorneys. Nonetheless, the court chooses to grant the motion to prevent any further confusion.

*2.     Evaluation*

   *a.     Trustee's Standing Under Section 544(a)*

In relevant part, section 544(a) of the Bankruptcy Code establishes that "[t]he trustee shall have . . . the **rights and powers** of . . . " a hypothetical judgment lien creditor. 11 U.S.C § 544(a)(1) (2006) (emphasis added).

This means that under section 544(a), the trustee may stand in the shoes of a hypothetical judgment-lien creditor for at least some purposes. *Zilkha Energy Co. v. Leighton*, 920 F.2d 1520, 1524 (10th Cir. 1990) (holding that in employing the power granted in 11 U.S.C. §

---

[1] (*See* GDC's Br. *Passim*.)

[2] *Gheewalla* was decided on May 18, 2007, almost three and a half months before GDC filed its supplemental authority. (*See* Appellee Gibson, Dunn & Crutcher LLP's Submission of Supplemental Authority [filed Aug. 31, 2007] [supplementing a July 13, 2007 case].)

**544[a]**[1], an Oklahoma trustee in bankruptcy could file an appropriate action to enforce the creditor's **right** granted by Okla. Stat. Ann. title 12, § 841 [1988].) As the Tenth Circuit has explained, the trustee may invoke **whatever remedies provided by state law** to judgment-lien creditors to satisfy judgments against the debtor. *Id*; *In re Bassin*, 637 F.2d 668, 670 (9th Cir. 1980) (holding that "the pre-existing creditors thus did not need to apply to state courts in order to perfect interests because the trustee assumed the rights of a pre-existing creditor under s 70[c] of the Bankruptcy Act, Pub.L. 89-495, s 5, 80 Stat. 209 [current version at 11 U.S.C. s **544(a)** (Supp. III 1979)], **which gives the trustee all the rights, remedies, and powers** of a hypothetical creditor holding a lien at the time of bankruptcy." [emphasis added]); *In re Kravitz*, 278 F.2d 820, 822 (3d Cir. 1960) ("Section **544(a)** has been described as allowing the trustee to become 'the ideal creditor, irreproachable and without notice, armed cap-a-pie **with every right and power** which is conferred by the law of the state upon its most favored creditor who has acquired a lien by legal or equitable proceedings.'" [emphasis added] [quoting *In re Waynesboro Motor Co.*, 60 F.2d 668, 669 (S. D. Miss. 1932)]*;In re Schneiderman,* 251 B.R. 757, 760 (Bankr. D.D.C. 2000) (internal citations omitted) ("Section 544[a], the so-called 'strong-arm clause,' gives the trustee whatever **rights** a creditor would have at state law to effect collection as of the petition date." [emphasis added]); *also see generally* 4 *Collier on Bankruptcy* ¶ 544.01 (15th ed. 1990).

### b. Judgment-Lien Creditor's Power or Right to Bring an Action for Aiding and Abetting Breach of Fiduciary Duties Under the State Law

The principal question on appeal, stemming from 544(a), is whether state law, whether of Colorado or Delaware, grants creditors the power and right to bring an action for breach of fiduciary duties against the corporation's officers, directors and attorneys. Whether a creditor's cause of action is direct or derivative has nothing to do with the issue of whether a judgment-lien creditor has the right to bring the action — the core issue on this appeal.

GDC does not dispute that both Colorado and Delaware grant judgment-lien creditors the power and right to bring an action for breach of fiduciary duties against the corporation's officers, directors and the attorneys. In Colorado, it is a direct action. *See Alexander v. Anstine*, 152 P.3d 497, 501-03 (Colo. 2007) (holding that trustees, under section 544(a), not only have the power to avoid transfers and obligations of the debtor, but may also bring claims that the debtor's creditors themselves could bring to satisfy judgments against the debtor under the applicable state law — *i.e.*, claims against corporation attorneys for aiding and abetting the corporation's president in breaching his fiduciary duty to corporate creditors); *Sender v. Mann*, 423 F. Supp. 2d 1155, 1173–74 (D. Colo. 2006) (finding section 544 gave trustee standing to bring claim against debtor's counsel for aiding and abetting breach of fiduciary duty to creditors); *accord PM Denver, Inc. v. Porter (In re Porter McLeod, Inc.)*, 231 B.R. 786, 792–93 (D. Colo. 1999); *see also Resolution Trust Corp. v. Heiserman*, 898 P.2d 1049, 1056 (Colo. 1995) (noting that "a breach of fiduciary duty is a tortious act which satisfies the element of unlawful act associated with the definition of civil conspiracy"); *Holmes v. Young*, 885 P.2d 305,

308–09 (Colo. Ct. App. 1994) (recognizing state cause of action for aiding and abetting breach of fiduciary duty). In Delaware, it is a derivative action. *Gheewalla,* 930 A.2d at 101–02 (holding that "the creditors of an insolvent corporation have standing to maintain derivative claims against directors on behalf of the corporation for breaches of fiduciary duties."); *Gatz v. Ponsoldt*, 925 A.2d 1265, 1266 (Del. 2007) (setting out the elements to state a claim for aiding and abetting a breach of fiduciary duty.).

Regardless of whether directors owe creditors direct fiduciary duties, it is undisputed that, under Delaware law, directors owe the corporation and its shareholders fiduciary duties, *see, e.g.*, *Gheewalla*, 930 A.2d at 99, and creditors have standing to invoke that duty and bring a derivative claim against directors on behalf of the debtor corporation in the zone of insolvency to remedy the injuries the creditor suffered as a result of the injuries to the debtor. *Id.* at 101–02.

Because both Colorado and Delaware grant creditors the power and right to bring an action for aiding and abetting a breach of fiduciary duties, Trustee, under 544(a), can stand in the creditor's shoes and bring the action on their behalf. *See* 11 U.S.C. § 544(a).

### c. *The Doctrine of* **In Pari Delicto** *Does Not Apply to Trustees Standing in Judgment-Lien Creditor's Shoes*

For reasons stated in the previous order (at 30–31), the doctrine of *in pari delicto* does not apply to a trustee in "creditor" status. *See In re Porter McLeod, Inc.*, 231 B.R. at 794 (citing *In re Mediators, Inc.*, 105 F.3d 822 [2d Cir. 1997]; *Sender v. Simon*, 84 F.3d 1299, 1307 [10th Cir. 1996]; *Hirsch v. Arthur Andersen & Co.*, 72 F.3d 1085 [2d Cir. 1995]; *Shearson Lehman*

*Hutton, Inc. v. Wagoner*, 944 F.2d 114 [2d Cir. 1991]; *Sender v. Kidder Peabody & Co., Inc.*, 952 P.2d 779, 782 [Colo. App. 1997]; *Grove v. Sutliffe*, 916 S.W.2d 825 [Mo. App. 1995]).

*3.     Conclusion*

Because state law (of both Colorado and Delaware) grants creditors the power and right to bring an action for aiding and abetting breach of fiduciary duties, Trustee, as a hypothetical judgment-lien creditor, under section 544(a), has the power to assert his claims under the laws of both states. The doctrine of *in pari delicto* does not bar Trustee from doing so.

It is therefore **ORDERED** that Appellee's motion for rehearing of the court's September 6, 2007 Order And Memorandum of Decision on Appeal, motion (#27) is GRANTED and the Decision is REAFFIRMED.

Dated this 6th day of June, 2008.

BY THE COURT:

s/ Edward W. Nottingham
EDWARD W. NOTTINGHAM
Chief United States District Judge