IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Chief Judge Edward W. Nottingham**

Civil Action No. 06–cv–01233–EWN

In re:

MS55, INC., f/k/a MSHOW.COM, INC.,

    Debtor.

JEFFREY HILL, TRUSTEE,

    Plaintiff,

v.

GIBSON DUNN & CRUTCHER, LLP,
a California registered limited liability
partnership,

    Defendant.

_____

**ORDER AND MEMORANDUM OF DECISION**
_____

    This matter comes before the court on a motion for certification filed by Defendant-Appellee Gibson, Dunn & Crutcher, LLP ("GDC") (Doc. No. 47). GDC "requests that the Court amend its prior orders, dated September 6, 2007 and June 6, 2008, which reversed, in part, the Bankruptcy Court's order granting summary judgment and then reaffirmed that order on rehearing, by certifying for interlocutory appeal the core issue addressed in those orders." (Appellee Gibson, Dunn & Crutcher LLP's Mot. for Certification Under 28 U.S.C. § 1292(b) and to Am. Prior Orders [filed July 7, 2008] [hereinafter "GDC's Br."].) On July 29, 2008,

Trustee responded. (Appellant's Resp. in Opp'n to Appellee's Mot. for Certification Under 28 U.S.C. § 1292(b) and to Am. Prior Orders [filed Sep. 20, 2008] [hereinafter "Trustee's Resp."].) On August 11, 2008, GDC replied. (Appellee Gibson Dunn & Crutcher LLP's Reply in Supp. of Mot. for Certification Under 28 U.S.C. § 1292(b) and to Am. Prior Orders [filed Aug. 11, 2008] [hereinafter "GDC's Reply"].)

**ANALYSIS**

*1. Standard of Review*

Certification under § 1292(b) is limited to cases involving "unique instances" and "most exceptional circumstances." *State of Utah By & Through Utah State Dep't of Heath v. Kennecott Corp.*, 14 F.3d 1489, 1495 (10th Cir. 1994). Pursuant to 28 U.S.C. section 1292(b), "certification is appropriate when a district judge is of the opinion that [1] its order involves a controlling question of law as to which [2] there is substantial ground for difference of opinion and that [3] an immediate appeal from the order may materially advance the ultimate termination of the litigation." *In re Blinder Robinson & Co., Inc.*, 135 B.R. 892, 898 (D. Colo. 1991) (citation and internal quotation marks and alteration omitted). Certification under this section lies wholly within the sound discretion of the court. *See* 28 U.S.C. § 1292(b); *see also Lusk v. Ryder Integrated Logistics,* 238 F.3d 1237, 1239 (10th Cir. 2001).

*2. Evaluation*

The court based its September 6, 2007 and June 6, 2008 decisions on, among other cases, *Zilkha Energy Co. v. Leighton*, 920 F.2d 1520, 1524 (10th Cir. 1990); *Delgado Oil Co., Inc. v. Torres*, 785 F.2d 857, 861 (10th Cir. 1986); *Sender v. Mann*, 423 F. Supp. 2d 1155, 1173–74 (D.

Colo. 2006); *PM Denver, Inc. v. Porter (In re Porter McLeod, Inc.)*, 231 B.R. 786, 792–93 (D. Colo. 1999); *Resolution Trust Corp. v. Heiserman*, 898 P.2d 1049, 1056 (Colo. 1995); *Alexander v. Anstine*, 152 P.3d 497, 501-03 (Colo. 2007); *Holmes v. Young*, 885 P.2d 305, 308–09 (Colo. Ct. App. 1994).

GDC does not claim that the court's decision or any of the cases within the Tenth Circuit or State of Colorado, addressing the issue[1] decided by the court in its September 6, 2007 and June 6, 2008 orders, are inconsistent, let alone present substantial ground for difference of opinion. (*See* GDC's Br.; GDC's Reply *passim*.) Instead, it merely alleges that there is a substantial difference of opinion in this case because some of the other circuits' opinions differ from the governing and consistent Colorado and Tenth Circuit law, without citing to any binding authority that could support its theory; and that the Tenth Circuit has not directly addressed the issue. (*See* GDC's Br.; GDC's Reply *passim*.) However, "the mere fact that a specific issue has not been previously ruled on, or that the question presented is one of first impression, is not in itself sufficient to establish a substantial ground for difference of opinion." *Adams v. Burlington N. R. Co.*, 843 F. Supp. 686, 688 (D. Kan. 1994).

Accordingly, the court finds that (1) because the Tenth Circuit — to the extent it has addressed the issue — and Colorado courts have taken a consistent position on this issue based on the governing law; (2) because the circumstances described by GDC are neither "unique" nor

---

[1] The issue wether "a bankruptcy trustee ha[s] standing to assert non-avoidance-based claims, such as adding and abetting breach of fiduciary duty and civil conspiracy, as a hypothetical lien creditor under Section 544(a) of the Bankruptcy Code . . . ." (*See* GDC's Br. at 2.)

"exceptional" and therefore do not justify any additional delay;[2] and (3) in light of the Tenth Circuit's demonstrated desire to limit piecemeal appeals, *see, e.g., In re Kaiser Steel Corp.,* 911 F.2d 380, 386 (10th Cir. 1990) (citing *Homa Ltd. v. Stone (In re Commercial Contractors, Inc.),* 771 F.2d 1373, 1375 [10th Cir. 1985]), the court finds that GDC has failed to establish that certification is warranted in this case. The court notes, however, that the issue is, of course, preserved and may be raised on appeal, if necessary, following a final order and judgment.

*3. Conclusion*

It is therefore ORDERED that Appellee's motion for certification pursuant to 28 U.S.C. § 1292(b) and to amend prior orders (#47) is DENIED.

Dated this 1st day of October, 2008.

BY THE COURT:

s/ Edward W. Nottingham
EDWARD W. NOTTINGHAM
Chief United States District Judge

---

[2] This case has been already languishing for more than four years.